**Donald L. JONES, Petitioner,**

v.

**Robert J. HENDERSON, Superintendent, Auburn Correctional Facility, Denis Dillon, District Attorney of Nassau County, and Robert Abrams, Attorney General of the State of New York, Respondents.**

**No. CV 82–0123.**

United States District Court,
E.D. New York.

Jan. 5, 1984.

Donald L. Jones, pro se.

Denis Dillon, Dist. Atty., Nassau County, Mineola, for respondents.

## MEMORANDUM AND ORDER

WEXLER, District Judge

This is an action for a writ of habeas corpus brought under 28 U.S.C. Section 2254.

## I. FACTS

On February 11, 1974, following a jury trial, the County Court of Nassau County convicted petitioner of criminal sale of a dangerous drug in the third degree (N.Y. Penal Law Section 220.35) and criminal possession of a dangerous drug in the fourth degree (N.Y.Penal Law Section 220.15). On January 6, 1975, the Appellate Division of the Supreme Court of the State of New York unanimously affirmed the conviction. On March 5, 1975, the Court of Appeals of the State of New York denied petitioner leave to appeal further. On May 19, 1977, petitioner filed his *first* petition for a writ of habeas corpus with this Court, in which petitioner stated, *inter alia,* "I was denied my Sixth Amendment right to a public trial pursuant to the court's order. [The] people requested the closing of the courtroom, without any showing of circumstances making it necessary to protect the identity of witnesses, or to preserve order in the court or to further the administration of justice. This during trial and over the objection of counsel." On October 5, 1977, petitioner moved the Appellate Division for reargument of his appeal, which motion was denied. On December 2, 1977, this Court denied petitioner's first petition on the merits. *Jones v. Warden,* CV 77–1049 (E.D.N.Y.1977). On February 22, 1980, petitioner again moved the Appellate Division for reargument of his appeal, which motion was denied on May 12, 1980. On May 23, 1980, petitioner moved the New York Court of Appeals for reconsideration of its previous denial of leave to petitioner to appeal to that court. Petitioner argued that new developments in the case law of the right to a public trial justified such reconsideration. It should be noted that the office of the Nassau County District Attorney claims that it never received a copy of petitioner's motion for reconsideration. On December 4, 1980, Lawrence Cooke, Chief Judge of the New York Court of Appeals, issued a certificate stating that "I have considered and hereby deny the application of [petitioner] for reconsideration of the Certificate Denying Leave signed by Chief Judge Charles D. Breitel, dated March 5, 1975." On February 13, 1981, petitioner moved the Nassau County Court to vacate petitioner's conviction. Petitioner argued that: (1) petitioner's right to a public trial was violated because the courtroom had been closed during the testimony of an undercover officer *and had remained closed thereafter;* (2) the trial court abused its discretion in curtailing cross-examination of witnesses; (3) petitioner had been denied a fair trial because the prosecutor made inflammatory remarks during his summation. On March 25, 1981, petitioner withdrew the latter two grounds from the Nassau County Court's consideration. On May 1, 1981, the Nassau County Court denied petitioner's motion to vacate his conviction. The Nassau County Court reasoned that the issue of the alleged significance of developments in case law concerning the right to a public trial had already been presented to the Appellate Division in petitioner's motion for reargument of his appeal, which motion was denied by the Appellate Division on May 12, 1980. The Nassau County Court explained that where "the ground or issue raised upon the motion was previously determined on the merits on appeal from the judgment" the motion must be denied in all respects, citing N.Y.C.P.L. 440.10(2)(a). With respect to petitioner's contention that the courtroom had remained closed even *after* the testimony by the undercover officer, the Nassau County Court stated: "[t]he new and additional allegation that the courtroom remained sealed during the entire trial is not clear on the record in a manner providing adequate basis for the review of the issue. The defendant unjustifiably failed to adduce this issue prior to sentence and the issue was not subsequently determined on appeal [C.P.L. 440.10(3)(a)]." On May 10, 1981, petitioner moved the Nassau County Court for reargument of the motion to

vacate his conviction, requesting that the Nassau County Court consider all grounds originally raised in the motion, including the two grounds which were withdrawn from the court's consideration. On May 29, 1981, the Nassau County Court denied petitioner's motion for reargument. On June 25, 1981, petitioner applied to the Appellate Division for leave to appeal from the Nassau County Court's denial of petitioner's motion to vacate his conviction. In this application, petitioner raised only the issue of petitioner's right to a public trial. On December 15, 1981, the Appellate Division denied leave to appeal.

## II. THE INSTANT PETITION

On January 19, 1982, petitioner filed the instant petition. Petitioner argues that: (1) petitioner's right to a public trial was denied in that the courtroom was sealed during the testimony of an undercover officer and remained sealed thereafter; (2) the trial court abused its discretion in curtailing the cross-examination of witnesses; (3) petitioner was denied a fair trial in that the prosecutor made inflammatory remarks during his summation.

## III. EXHAUSTION OF REMEDIES

■ The first issue is whether petitioner has exhausted his state-court remedies. We hold that he has.

Clearly petitioner has exhausted his state-court remedies with respect to petitioner's claim that he was denied a public trial.

Petitioner's other two claims (unreasonable curtailment of cross-examination and inflammatory summation) were presented to the Nassau County Court in a motion by petitioner to vacate his conviction, withdrawn by the petitioner from that Court's consideration before that Court ruled on the motion, presented to that Court a second time in a motion by petitioner for reargument of the original motion, and were not raised in petitioner's application to the Appellate Division for leave to appeal the denial of the original motion.

■ As we shall demonstrate in the next section of this opinion, petitioner has waived the right to raise such claims. Consequently, petitioner has exhausted his state-court remedies with respect to such claims. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982).

Consequently, this petition should not be dismissed pursuant to the doctrine of exhaustion of state-court remedies.

## IV. WAIVER

The next issue is whether petitioner has waived the right to raise any of the claims raised here due to his failure to raise them in a timely fashion in state court.

### A. NASSAU COUNTY COURT DENIAL OF MOTION TO VACATE CONVICTION

■ The Nassau County Court, in denying petitioner's motion to vacate his conviction, specifically found that petitioner had waived the right to assert that the courtroom remained sealed even after the testimony of the undercover officer, because petitioner failed to make this alleged fact appear on the trial record, and because petitioner failed to raise this assertion on appeal. Consequently, this assertion cannot be considered here. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

### B. NASSAU COUNTY COURT DENIAL OF REARGUMENT OF MOTION TO VACATE CONVICTION

■ The Nassau County Court did not explicitly state its reasons for denying petitioner's request for reargument of petitioner's motion to vacate his conviction. Nevertheless, we hold that the Nassau County Court's denial of reargument was based in part upon a finding that petitioner had waived the right to raise claims regarding the curtailment of cross-examination and the allegedly inflammatory summation of the prosecutor. New York C.P.L. Section 440.30(1) provides that a person making a motion to vacate his conviction "who is in a

position adequately to raise more than one ground should raise every such ground upon which he intends to challenge the judgment or sentence." New York C.P.L. Section 440.10(3)(c) provides that a court may deny a motion to vacate a conviction where "[u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so." It is therefore reasonable to infer that the Nassau County Court regarded petitioner as having waived the right to raise the aforementioned claims by petitioner's failure to permit the Court to adjudicate such claims on the original motion. This inference is especially reasonable in light of the fact that although petitioner raised such claims in his original notice of motion to vacate his conviction, petitioner consciously and voluntarily chose to withdraw such claims from the Court's consideration. Consequently, these claims cannot be raised here. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

### C. APPELLATE DIVISION DENIAL OF LEAVE TO APPEAL FROM DENIAL OF MOTION TO VACATE CONVICTION

■ Petitioner contends that the Appellate Division, in denying petitioner leave to appeal from the Nassau County Court's denial of petitioner's motion to vacate his conviction, adjudicated on the merits all of petitioner's claims raised here, so that this Court is not precluded from hearing such claims on the grounds of procedural default.

Petitioner, in his application for leave to appeal to the Appellate Division, did not raise the claims regarding curtailment of cross-examination and the allegedly inflammatory summation of the prosecutor. Consequently, the Appellate Division certainly did not adjudicate *these* claims on the merits, and the Appellate Division's action does not provide a basis for raising these claims here. Indeed, it may be argued that petitioner's failure to raise such claims in his application actually constitutes an *independent* basis for our finding that petitioner has waived the right to raise such claims here. We question, however, whether petitioner was obliged to raise such claims in his application to the Appellate Division, in light of the fact that such claims were withdrawn from the consideration of the Nassau County Court before that Court denied petitioner's motion to vacate his conviction.

■ A denial of leave to appeal does not constitute an adjudication of *any* issues. Just as a denial of certiorari by the U.S. Supreme Court does not constitute an adjudication, *Brown v. Allen*, 344 U.S. 443, 489–97, 73 S.Ct. 397, 437–41, 97 L.Ed. 469 (1953), so a denial of leave to appeal by a state appellate court does not constitute an adjudication.

■ Even assuming that the denial of leave to appeal may constitute an adjudication, it does not follow that there was an adjudication on the merits here. Where, as here, the lower court found the existence of a procedural default and the appellate court provided no reasons for denying leave to appeal, it is logical to suppose that the appellate court merely affirmed the lower court's finding of procedural default and did not adjudicate on the merits issues with respect to which the lower court found a procedural default.

For the above reasons, the Appellate Division's denial of leave to appeal in no way negates our findings regarding waiver.

### D. COURT OF APPEALS DENIAL OF RECONSIDERATION OF DENIAL OF LEAVE TO APPEAL CONVICTION

■ Petitioner argues that the New York Court of Appeals, in denying petitioner's request for reconsideration of that Court's previous denial of leave to petitioner to appeal to that Court, adjudicated on the merits claims raised here, so that this Court is not precluded from considering such claims.

Examination of petitioner's application to the Court of Appeals shows that petitioner

did not raise the issue of curtailment of cross-examination, the issue of the allegedly inflammatory summation of the prosecutor, or the factual allegation that the courtroom remained sealed even after the testimony of the undercover officer. Consequently, the Court of Appeals certainly did not adjudicate *these* issues on the merits, and the Court of Appeals action provides no basis for these claims being raised here.

As already noted, the denial of leave to appeal (or the refusal to reconsider a previous denial of leave to appeal) does not constitute an adjudication of *any* issues.

■ It should be noted that petitioner's application to the Court of Appeals was untimely. The New York Court of Appeals Rules of Practice Section 500.9 provide that, with respect to reconsideration of denial of leave to appeal, "[u]nless otherwise permitted by the court, the notice of motion shall be served not later than 30 days after the motion [i.e. the original application for leave to appeal] has been decided." Petitioner's application for reconsideration was made *five years* after the original application for leave to appeal was denied. Consequently, even assuming that a denial of leave to appeal may constitute an adjudication, the instant refusal to reconsider denial of leave to appeal should not be regarded as an adjudication on the merits, but as a determination that the application was untimely. It should be noted, however, that a refusal of reconsideration of denial of leave to appeal from a conviction does *not* constitute an independent basis for a finding that issues presented in the application for such reconsideration have been waived, as such issues could conceivably be raised in a subsequent motion to vacate the conviction.

For the above reasons, the Court of Appeals' denial of reconsideration of its previous denial of leave to appeal in no way negates our findings regarding waiver.

## V. EFFECT OF DENIAL OF THE PREVIOUS PETITION

■ Petitioner, in his previous petition to this Court, did not explicitly state that the courtroom remained sealed even *after* the testimony of the undercover officer. Rule 9(b) of the Rules following 28 U.S.C. Section 2254 provides that "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." We find that petitioner's failure previously to assert that the courtroom remained sealed after the testimony of the undercover officer constituted an abuse of the writ. This constitutes an independent reason (in addition to the fact that a state court has found that petitioner has waived the right to make this assertion) why this assertion may not now be considered by this Court.

■ Petitioner contends that, even leaving aside petitioner's allegation that the courtroom remained sealed after the testimony of the undercover officer, developments in case law regarding the right to a public trial justify the relitigation of the issue of whether the sealing of the courtroom during the testimony of the undercover officer constituted a denial of the right to a public trial. We disagree. Petitioner relies primarily upon *People v. Yohura Jones,* 47 N.Y.2d 409, 418 N.Y.S.2d 359, 391 N.E.2d 1335, *cert. denied,* 444 U.S. 946, 100 S.Ct. 307, 62 L.Ed.2d 315 (1979), in which the New York Court of Appeals emphasized the necessity of an inquiry by a trial court into the need for sealing the courtroom. However, state-court interpretations of the federal Constitution are not binding upon federal courts, and therefore cannot serve as the basis for relitigation of issues raised in a previous habeas petition. Indeed, as the Nassau County Court found in denying petitioner's motion to vacate petitioner's conviction, the case cited by petitioner does not have retroactive effect even upon *state* court decisions. Consequently, petitioner cannot now relitigate the issue of whether the sealing of the courtroom during the testimony of the un-

dercover officer violated petitioner's right to a public trial.

## VI. CONCLUSION

We have determined that petitioner's claims regarding curtailment of cross-examination and the allegedly inflammatory summation of the prosecutor were waived, that petitioner's allegation that the courtroom remained sealed even after the testimony of the undercover officer was waived and constitutes an abuse of the writ, and that petitioner's contention that he was denied a public trial insofar as the courtroom was sealed during the testimony of the undercover officer was rejected previously by this Court. Accordingly, the petition should be denied.

The Clerk shall enter judgment in favor of the respondents and against the petitioner, denying the petition for a writ of habeas corpus.

SO ORDERED.